Case 1:17-cv-00107 Document 21 Filed on 09/18/18 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 18, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. B-17-107 |
| | § | |
| **GEORGE PUENTE,** | § | |
|     **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is a motion for default judgment filed by the United States. Dkt. No. 12. Defendant George Puente Jr. ("Puente") has not appeared – nor in any way defended himself – in this proceeding. For that reason, the Court recommends that the motion for default judgment be granted.

**I.    Background**

On October 11, 2011, Puente executed a promissory note to secure a student loan guaranteed by the United States Department of Education. Dkt. No. 1-2. Puente defaulted on the loan on April 23, 2012. Dkt. No. 1-1.

On May 15, 2017, the United States filed a complaint seeking payment of both student loans, pre-judgment interest, attorney's fees and administrative fees. Dkt. No. 1. On May 31, 2017, Puente was served with the complaint via hand-delivered personal service. Dkt. No. 4. Puente neither entered an appearance, nor otherwise defended himself in this action.

On April 30, 2018, the United States requested an entry of default and a default judgment against Puente. Dkt. No. 12. On June 14, 2018, the Court ordered that default be entered against Puente and the District Clerk's Office filed an entry of default. Dkt. Nos. 13, 14. The order and entry of default were sent to Puente by certified mail. Dkt. No. 15. The certified mail was addressed to Puente – at the same address where personal service was previously accomplished – and was "refused." Dkt. No. 16.

On September 18, 2018, the United States filed an affidavit that Puente was not in military service. Dkt. No. 20.

**II. Student Loan Recovery**

To recover on a promissory note, the government must show (1) the defendant signed it; (2) the government is the present owner or holder; and, (3) the note is in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001) (citing FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir.1993)).  As a prevailing party, the United States can recover costs and attorney's fees from the Defendant. 28 U.S.C. § 2412(a)(1) & (2)(b); United States v. Chapa, No. C-07-005, 2007 WL 4198387 (S.D. Tex. 2007).

**III. Default Judgments**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b).  The plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgment. 50 App. U.S.C. § 521(b)(1).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir.1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co., 555 F.3d 422, 424 (5th Cir. 2009).

"In order to properly resolve the Government's Motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive." United States v. Giles, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987).

**IV. Analysis**

Default judgment is procedurally warranted in this case. Puente has "failed to plead or otherwise defend" himself in this matter, despite receiving personal service of the complaint and summons by hand-delivery. The District Clerk's Office has filed an entry of default. The Court has waited at least 21 days since the motion for default judgment was filed, but the defendant still has taken no action to defend this case. Finally, the United States has submitted an affidavit that Puente is not in military service. Dkt. No. 20.

The United States has sufficiently set forth facts entitling it to relief. The United States has established that it issued a promissory note to Puente; that the United States owns the note; and, that the note is unpaid. Dkt. No. 1, Ex. 1; See U.S. v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001) (Because no party disputes the competency of the evidence, it may be relied upon for entry of default judgment). Based upon these facts, the United States has pled all of the elements to succeed in an action against a borrower concerning a defaulted student loan.

The United States is entitled to a default judgment for the amounts demanded in the pleadings. FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Furthermore, the United States seeks attorney's fees in this action; the Court recommends that such fees are reasonable and appropriate.

**V.   Recommendation**

For the reasons discussed above, it is **RECOMMENDED** that the Court issue a default judgment as follows against George Puente Jr.:

CDCS: 2017A51290:

1. Principal                                           $2,075.10

2. Interest (as of January 18, 2017)                   $66.40

With prejudgment interest of 2.375% per annum ($0.13/day) from 1/18/2017 to date of judgment.

| | |
|---|---|
| 3. Attorney's Fees | $550.00 |
| 4. Service fee | $95.00 |
| Total | $2,786.50 |

With post-judgment interest entered pursuant to 28 U.S.C. § 1961 and 40 U.S.C. § 3116.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on September 18, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge